HARRY A. NOORIGIAN *vs.* ABRAHAM GREENFIELD.

OCTOBER 21, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass and ejectment brought to recover possession of certain premises located on Spicer street in the city of Providence. The case was heard by a justice of the Superior Court sitting without a jury and decision was for the defendant. The case is in this court on plaintiff's exception to said decision.

The defendant entered into possession of the premises in question as a tenant of the Dimond Land Company. The plaintiff was the holder of a second mortgage on said premises which he foreclosed and, on April 30, 1931, re-

ceived a mortgagee's deed. On the same day, and before said deed was recorded, the plaintiff sent the following notice to the defendant: "You are hereby required to vacate, remove your furniture and effects from and deliver up to the undersigned the possession of that certain cottage now held by you, being that cottage situated on Spicer Street in the City of Providence and State of Rhode Island and numbered 62 on said street, on or before the 7th day of May, A. D. 1931.

"This notice is given for the purpose of terminating your tenancy.

"The undersigned hereby reserving the right to sue in the meantime for said possession by reason of non-payment of rent over due (if any) or other cause.

"HARRY A. NOORIGIAN.

By Jasper Rustigian,

Attorney."

The sufficiency of the above notice is the sole question raised by the bill of exceptions.

Assuming that the foreclosure proceedings were valid, the defendant undoubtedly became a tenant by sufferance of the plaintiff. *Johnson* v. *Donaldson*, 17 R. I. 107. As tenant by sufferance, he was entitled to notice to quit as provided by Section 1, Chapter 385, G. L. 1923, which is as follows: "Tenants of lands or tenements at will or by sufferance shall quit upon notice in writing from the landlord at the day named therein."

It is the contention of the plaintiff that, inasmuch as he was actually the owner of the premises and by operation of law the landlord of the defendant, the notice signed in his behalf by his attorney complied with the requirements of the statute. So far as appears from the record, the defendant had no knowledge that his tenancy under the Dimond Land Company had terminated and that a new tenancy under the plaintiff had arisen, The notice conveyed no information to the tenant that it emanated from his landlord. Obviously he could not safely comply with

the demand for possession of said premises without knowledge of the plaintiff's right to make such demand. From the tenant's viewpoint it might have been given by one having no interest in the premises. "A notice to quit must be such that the tenant may safely act on it at the time of receiving it." Taylor on Landlord & Tenant, 9th Ed., Sec. 480.

In *Leite* v. *Croveiro*, 36 R. I. 62, we held that a notice to quit is effective, if at all, at the time when it is served and it must clearly indicate that it originated with the landlord. In the present case the tenant was without knowledge of the change in the ownership of the property of which he was lessee and the notice does not inform him of his new relationship. He was therefore not served with a notice which clearly indicated that it originated with his landlord and it was not incumbent on him to inquire as to the right of the plaintiff to demand possession. *Leite* v. *Croveiro*, *supra*.

The plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Jasper Rustigian, Flynn & Mahoney, James W. Leighton,* for plaintiff.

*Mortimer G. Cummings, Frank F. Pinkos,* for defendant.